## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

**FILED**
December 2, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**AIR TEMP HEATING & COOLING, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 13-0861** (BOR Appeal No. 2048150)
                    (Claim No. 2011042300)

**DAVID HINZMAN,**
**Claimant Below, Respondent**

### MEMORANDUM DECISION

Petitioner Air Temp Heating & Cooling, Inc., by Steven K. Wellman, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. David Hinzman, by Reginald D. Henry and Rodney A. Skeens, his attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 26, 2013, in which the Board affirmed a February 5, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's June 7, 2011, decision to suspend medical benefits and temporary total disability benefits. The Office of Judges also reversed the claims administrator's August 16, 2012, decision to not add lumbar disc herniation as a compensable condition. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hinzman, an employee of Air Temp Heating & Cooling, Inc., was working on May 9, 2011, when he reached down to pick up a tool and injured his lower back. On May 10, 2011, Mr. Hinzman reported to Raleigh General Hospital where he was diagnosed with a lumbar strain, an injury of the trunk, overexertion, and strenuous movements. At the time of examination, Mr. Hinzman complained of pain in his back shooting into his legs. An x-ray was performed, and it was unremarkable. Mr. Hinzman was told he could return to work on May 16, 2011. Mr.

1

Hinzman was also referred to Rajesh V. Patel, M.D., for treatment. Dr. Patel suggested physical therapy for a total of six weeks. Dr. Patel advised Mr. Hinzman not to work until his follow-up and MRI. Matt Nichols, one of Mr. Hinzman's fellow employees asserted that Mr. Hinzman returned to Air Temp Heating & Cooling to pick up his tools because he had months of side jobs he needed to complete. The claims administrator suspended medical benefits on June 7, 2011, because Mr. Hinzman's recent activities were inconsistent with his alleged disability. Mr. Hinzman protested.

On February 6, 2012, Mr. Hinzman had an MRI of his lower back, which was interpreted as showing a left asymmetric disc protrusion at L5-S1 encroaching on the left S1 nerve root. Thereafter, Julian Chipley, D.C., submitted an updated diagnosis form that included lumbar radiculitis and displacement of the lumbar disc without myelopathy. Mr. Hinzman then reported to Paul Bachwitt, M.D., who conducted an independent medical examination. Dr. Bachwitt was not provided any records for this examination and diagnosed Mr. Hinzman with a lumbar strain which should have resolved by this point in time. Dr. Bachwitt stated that Mr. Hinzman had reached his maximum degree of medical improvement. However, on June 8, 2012, Dr. Bachwitt was apprised of the MRI that showed an L5-S1 disc bulge with possible nerve impingement. Dr. Bachwitt opined in his addendum that, despite the MRI, Mr. Hinzman clinically did not have radiculopathy. Dr. Bachwitt further asserted that he knew this because his testing showed that all motor muscles and reflexes were normal. Dr. Bachwitt also found that the sitting straight leg test indicated there was no pressure on the spinal cord or a nerve root. The claims administrator, on August 16, 2012, denied adding lumbar disc bulge with radiculitis based upon Dr. Bachwitt's original independent medical examination and his corrective addendum.

The Office of Judges reversed the August 16, 2012, decision of the claims administrator that refused to add an L5-S1 disc bulge with radiculopathy as a compensable condition of the claim. The Office of Judges based its decision on the report of Dr. Patel. Dr. Patel opined that the disc bulge was directly attributable to Mr. Hinzman's employment. The Office of Judges noted that when Mr. Hinzman originally reported to the emergency room on May 10, 2011, the emergency room noted pain radiating into his lower extremities, which is consistent with radiculopathy. The Office of Judges also noted that Dr. Chipley, based upon his physical examination, noted a disc problem with pain shooting into the legs. The Office of Judges determined that the medical records were consistent with Mr. Hinzman's complaints of radiculopathy. The Office of Judges also found that Mr. Hinzman had no pre-existing back symptomology. Finally, the Office of Judges noted that the claim was already approved for a lumbar strain. The Office of Judges determined that Mr. Hinzman established that he suffered a L5-S1 disc bulge with radiculopathy in the course of and resulting from his employment. The Office of Judges reversed the claim administrator's August 16, 2012, decision.

The Office of Judges also reversed the claims administrator's June 7, 2011, decision and granted temporary total disability benefits from May 25, 2011, through January 8, 2012. The Office of Judges further instructed the claims administrator to issue protestable decisions regarding specific future treatment requests. The Office of Judges noted that the claims administrator suspended benefits on June 7, 2011, because Mr. Hinzman's recent activities were inconsistent with his alleged disability. The Office of Judges determined that this was not a valid

reason to suspend benefits because it was not sufficiently clear that Mr. Hinzman's actions were inconsistent with his disability. Dr. Bachwitt found Mr. Hinzman to be at his maximum degree of medical improvement on two occasions before January 8, 2012. However, the Office of Judges determined his report is not credible because he failed to diagnose the disc bulge at L5-S1 and failed to take into consideration the impact the added diagnosis would have on Mr. Hinzman's degree of medical improvement. The Office of Judges determined that Mr. Nichols's statement that Mr. Hinzman returned to pick up tools for side jobs he needed to complete was not as persuasive as Mr. Hinzman's consistent testimony that he was injured and unable to work. The Office of Judges also noted that Dr. Patel, Mr. Hinzman's treating physician, never opined that Mr. Hinzman could return to work. As a result the Office of Judges determined that the suspension of temporary total disability benefits was inappropriate because there was no evidence at the time that Mr. Hinzman had reached his maximum degree of medical improvement, had been released to return to work, or had actually returned to work. The Office of Judges noted that the evidence shows that the claim should be closed for temporary total disability benefits as of January 8, 2012, because Mr. Hinzman's testimony showed that he returned to work at that time. The Office of Judges also ordered the claims administrator to issue a protestable decision regarding authorization for the February 6, 2012, lumbar MRI and physical therapy. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

The findings of the Office of Judges and conclusions of the Board of Review should be affirmed. Mr. Hinzman has established that he suffers from a disc bulge at L5-S1 with radiculopathy related to his May 9, 2011, injury. It was not in error for the Office of Judges and Board of Review to conclude that Mr. Hinzman has established that he suffers from a disc bulge at L5-S1 with radiculopathy related to his May 9, 2011, occupational injury.

Mr. Hinzman has also established that the suspension of medical benefits and temporary total disability benefits on June 7, 2011, was in error. The evidence of record does not support a decision to suspend temporary total disability benefits on June 7, 2011. The report of Dr. Bachwitt is not credible because he failed to acknowledge that Mr. Hinzman suffered more than a lumbar strain related to his employment. Since the record established he also needs treatment related to a disc bulge with radiculopathy, Dr. Bachwitt's opinion is unreliable, and the Office of Judges properly disregarded it. The record establishes that the petitioner was disabled from May 25, 2011, through January 8, 2012. On May 25, 2011, Dr. Patel stated that Mr. Hinzman could not work. None of the three conditions to suspend temporary total disability benefits were met until January 8, 2012, when Mr. Hinzman returned to work. Mr. Hinzman is also entitled to medically related and reasonably required medical benefits during this period and thereafter as supported by the evidence.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 2, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II